UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STANLEY CLARK,

                                Plaintiff,

  -against-

VAUGHAN ETTIENNE; RYAN GALVIN; LEONARDO MANOSALVAS; THOMAS PASSOLO; MARK XYLAS; and JOHN and JANE DOE 1-10, individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown),

                                Defendants.
------------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

Docket No.
15-cv-4961

ECF CASE

Plaintiff Stanley Clark, by his attorney Cary London, of London Indusi LLP, for his complaint against Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

2. The claim arises from a February 28, 2014 incident in which Defendants, acting under color of state law, unlawfully stopped, grabbed, punched, kicked, handcuffed and arrested Mr. Clark without probable cause. Mr. Clark initially spent approximately 24 hours unlawfully in police custody. After going to Court a number of times, Mr. Clark's case was dismissed and sealed on or about May 26, 2015.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Stanley Clark ("Mr. Clark") resided at all times here relevant in Brooklyn, King's County, City and State of New York.

8. Defendant Vaughan Ettienne, Shield No. 29839 ("Ettienne") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Ettienne was, at the time relevant herein, a Police Officer under Shield # 29839 of the 81st Precinct. Defendant Ettienne is sued in his individual capacity.

9. Defendant Ryan Galvin, Shield No. 8096 ("Galvin") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Galvin was, at the time relevant herein, a Police Officer under Shield # 8096 of the 81st Precinct. Defendant Galvin is sued in his

individual capacity.

10. Defendant Leonardo Manosalvas, Shield No. 5263 ("Manosalvas") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Manosalvas was, at the time relevant herein, a Police Officer under Shield # 5263 of the 81st Precinct. Defendant Manosalvas is sued in his individual capacity.

11. Defendant Thomas Passolo, ("Passolo") was, at all times here relevant, a Lieutenant employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Passolo was, at the time relevant herein, a Lieutenant of the 81st Precinct. Defendant Passolo is sued in his individual capacity.

12. Defendant Mark Xylas, Shield No. 11251 ("Xylas") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Xylas was, at the time relevant herein, a Police Officer under Shield # 11251 of the 81st Precinct. Defendant Xylas is sued in his individual capacity.

13. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

14. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15. At all times here mentioned Defendants were acting under color of state law, to wit,

under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

16. On February 28, 2014, at approximately 6:00 pm., Mr. Clark was at his home located at 730 Herkimer Street, Apt 1B, in Brooklyn, King's County, New York.

17. Mr. Clark had just returned from grocery shopping with his mother, Anna Clark, and was putting food away in the fridge inside his apartment.

18. Mr. Clark was not violating any local law or ordinance.

19. Mr. Clark heard a commotion outside his apartment door, and his fridge began to move, and shelves in his apartment began to shake.

20. Mr. Clark opened the door to his apartment, and stood in the door entryway.

21. Defendants, including Galvin, Xylas, Ettienne, and Manosalvas, grabbed Mr. Clark by his shirt and punched him in the face in the apartment door entryway for absolutely no reason.

22. Defendants, including Galvin, Xylas, Ettienne, and Manosalvas, grabbed Mr. Clark and pulled him outside of his apartment into the hallway.

23. The Defendants threw Mr. Clark to the ground.

24. Mr. Clark stood up after being thrown to the ground, and put his hands up.

25. Defendants, included threatened to kill Mr. Clark and his mother.

26. Defendants, including Galvin, drew their firearms and aggressively shoved the firearm into Mr. Clarks face.

27. Mr. Clark and his mother were scared for their lives.

28. The Defendants did not observe Mr. Clark commit any crime or infraction.

29. Defendants, including Passolo, then grabbed Mr. Clark and threw him to the ground

in the apartment hallway, injuring his shoulder.

30. Defendants, including Galvin, Xylas, Ettienne, and Manosalvas, kicked and punched Mr. Clark in the neck and head area while he was on the ground, causing bruising and swelling.

31. Defendants, including Galvin, Xylas, Ettienne, and Manosalvas, unlawfully handcuffed Mr. Clark and dragged him out of the building, injuring his ankle and shoulder.

32. Defendants, including Galvin, Xylas, Ettienne, and Manosalvas, punched Mr. Clark in the face as soon as they exited the building.

33. Defendants, including Galvin, Xylas, Ettienne, and Manosalvas, punched Mr. Clark in the face before they put him handcuffed into a police vehicle.

34. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Clark.

35. Mr. Clark did not resist arrest.

36. Defendants, including Defendant Passolo, placed Mr. Clark in handcuffs and searched his person without his authority or permission.

37. No contraband or anything of illegality was found on Mr. Clark.

38. Defendants, including Passolo, placed Mr. Clark under arrest and transported him to central bookings.

39. Defendants, including including Galvin, Xylas, Ettienne, Manosalvas, and Passolo, conveyed false information to prosecutors in order to have Mr. Clark prosecuted for Assault in the Second Degree, and other related charges.

40. Mr. Clark was unlawfully held in police custody for approximately 24 hours before being arraigned on those charges.

41. At arraignments, the Judge released Mr. Clark on his own recognizance, and the

matter was adjourned for Grand Jury action.

42. Mr. Clark went to a hospital after his release for the treatment of his shoulder, ankle, head, and neck.

43. After coming to court numerous times, Mr. Clark's case reluctantly accepted an Adjournment in Contemplation of Dismissal with early sealing on May 26, 2015.

44. Notwithstanding the fact that Mr. Clark did not go to trial, the identification of Mr. Clark as a person involved in the assault of an Officer by Defendants would likely influence a jury's decision.

45. At all times relevant hereto, Defendants, including Galvin, Xylas, Ettienne, Manosalvas, and Passolo were involved in the decision to arrest Mr. Clark without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Clark without probable cause.

46. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Clark and violate his civil rights.

47. As a direct and proximate result of the acts of Defendants, Mr. Clark suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

**FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. Defendants violated the Fourth and Fourteenth Amendments because they stopped

and searched Plaintiffs without reasonable suspicion.

50. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

51. The above paragraphs are here incorporated by reference as though fully set forth.

52. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

53. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

55. The above paragraphs are here incorporated by reference as though fully set forth.

56. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Clark committed a crime.

57. The individual Defendants forwarded false evidence to prosecutors in the King's County District Attorney's office.

58. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

60. The above paragraphs are here incorporated by reference as though fully set forth.

61. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

62. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983

64. The above paragraphs are here incorporated by reference as though fully set forth.

65. The individual Defendants used excessive, unreasonable and unnecessary force with plaintiff.

66. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

67. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

- a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;
- b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;
- c) Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;
- d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
- e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 24, 2015
Brooklyn New York

Respectfully submitted,

\_\_\_\_\_/s/ Cary London_____
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. Clark
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com